David JUSTICE, Appellant

v.

KIMPER VOLUNTEER FIRE DEPARTMENT; Hon. Grant S. Roark, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2012–CA–000417–WC.

Court of Appeals of Kentucky.

Sept. 14, 2012.

Kimberly S. May–Downey, Pikeville, KY, for Appellant.

K. Lance Lucas, Florence, KY, for Appellee.

Before CLAYTON, MAZE, and TAYLOR, Judges.

## OPINION

CLAYTON, Judge:

David Justice petitions for review of a decision of the Workers' Compensation Board ("Board"). The Board affirmed an Administrative Law Judge's ("ALJ") determination that Justice was not entitled to an award of permanent disability benefits because he had no "regular employment" from which an average weekly wage ("AWW") could be computed. After careful review, we affirm.

On May 1, 2009, David Justice was responding to an emergency rescue call while working as a volunteer firefighter. While driving to the scene of the emergency, he was struck by another vehicle and sustained injuries to his back, neck, and shoulder. At the time of the accident, Justice was otherwise unemployed and not earning wages after being laid off from his job as a mechanic with Rhino Trucking in March 2009. Justice was also not being paid for his duties as a volunteer firefighter.

Justice subsequently filed a workers' compensation claim. The workers' compensation statutes generally do not cover individuals unless they are paid to work under a "contract of hire." However, Kentucky Revised Statutes ("KRS") 342.640(3) provides an exception for volunteer fire, police, and emergency personnel even though their work is considered "gratuitous" or "nearly gratuitous." *Highland Heights Volunteer Fire Dept. v. Ellis*, 160 S.W.3d 768, 770 (Ky.2005). "Such individuals are covered by the Act as 'deemed employees' of the political subdivision where the department for which they work is organized." *Id.*

Although the parties raised multiple issues during the workers' compensation proceedings, of particular relevance to this appeal was the Fire Department's contention that Justice was not entitled to permanent income benefits because he had no AWW from any "regular employment" at the time of the accident. KRS 342.140(3) sets forth that in the case of volunteer fire, police, or emergency personnel, "income benefits shall be based on the average weekly wage in their regular employment." The Fire Department argued that since Justice was unemployed and receiving no wages at the time of his injuries, he was not engaged in "regular employment" and was consequently not entitled to permanent income benefits.

In response, Justice contended that his "regular employment" was as a mechanic in his prior job with Rhino Trucking. Therefore, his AWW should be determined to be his wage while he was working there. In the alternative, Justice argued that his AWW could be calculated "in reverse" by taking the minimum temporary total disability rate available for the year 2009 and determining the AWW that yielded such a rate.

In an "Opinion, Order & Award" rendered on September 16, 2011, at page 12, the ALJ rejected Justice's arguments and concluded that Justice had no "regular employment" and no AWW at the time of the subject accident. The ALJ noted that he was "bound by the plain language" of KRS 342.140(3) and that "[t]he statute requires that a volunteer fireman's AWW be calculated with reference to his regular employment." Since Justice "had had no 'regular employment' for almost two months and was drawing unemployment benefits" at the time of the accident, it could not be said that he "had any 'regular employ-

ment' at the time of his injury, which is the only time period of relevance." Consequently, because Justice had no AWW, he was not entitled to an award of permanent partial disability income benefits under KRS 342.730.

Justice subsequently petitioned for reconsideration of this decision, arguing that the ALJ should have applied both KRS 342.140(1) and (3) and calculated his AWW based upon his earnings for the fifty-two weeks prior to the date of injury. Justice further argued that the unemployment benefits he had received following his layoff should have been included in the calculation of his AWW.[1] Justice's petition was denied, so he filed an appeal with the Workers' Compensation Board.

On January 31, 2012, the Board rendered an opinion in which it affirmed the ALJ on this particular issue. The opinion provided, in relevant part, at pages 9–11, as follows:

> It is undisputed at the time of the motor vehicle accident, Justice did not have any other "regular" or paying employment, and he had not been employed since being laid off as a mechanic at Rhino Trucking on March 3, 2009, nearly two months prior to the work accident. We do not agree with Justice's assertion his average weekly wage should be computed on any basis other than KRS 342.140(3). Justice maintains the ALJ should have determined the average weekly wage based upon his best quarter of earnings in the fifty-two week period preceding his injury. Thus, under Justice's theory, the ALJ would be required to look at his earnings while he was working at Rhino Trucking and base his average weekly wage on his best quarter of earnings while working there.

. . . .

> KRS 342.140(1)(a)–(f) is not applicable because it encompasses situations where the determination of the individual's average weekly wage is made based on his earnings with the employer against whom he is asserting the claim. Since Justice's work as a volunteer firefighter was sporadic and he was not compensated for his services in that capacity, it cannot be his regular employment. Further, Justice had not been, and was not regularly employed with Rhino Trucking at the time of the accident.

> Black's Law Dictionary (9th Edition, 2009) defines regular as "usual, customary or normal." In this particular case, Justice's earnings at Rhino Trucking would not be usual, customary or normal. By his own admission, Justice had no regular employment at the time of his accident. By the date of the accident, this had been true for nearly two months.

> The case of *Highland Heights Volunteer Fire v. Ellis*, 160 S.W.3d 768 (Ky. 2005), involved a stockbroker who was injured while serving in a capacity as a volunteer fire fighter, and is dispositive of the issue. The Kentucky Supreme Court determined volunteer firefighters, police and emergency personnel are covered employees pursuant to KRS 342.640(3) and thus "[s]uch individuals are covered by the Act as [']deemed employees['] . . ." *Id.* at 770. The Kentucky Supreme Court further stated, income benefits "shall be based on the average weekly wage in their regular employment." *Id.* In *Ellis'* case, the average weekly wage was based on his current employment as a stockbroker. More importantly, the Supreme Court pointed out as follows:

---

1. From March 3, 2009, to December 4, 2010, Justice received unemployment benefits at a rate of $415 per week.

Keeping in mind that even under KRS 342.140(3) the income benefit of volunteer personnel who have no regular employment would be zero, it is apparent that the purpose of these provisions is to compensate those who do have regular employment for a loss of the ability to perform their regular work.

*Id.*

In this case, the ALJ correctly found Justice had no regular employment or income at the time of the accident. We believe any attempt to attribute an average weekly wage to Justice would be speculative and result in an artificial average weekly wage. Therefore, we find no error in the ALJ's determination Justice had no average weekly wage at the time of the injury.

This appeal followed.

 Justice again claims that KRS 342.140(3) does not restrict a computation of AWW to those wages actually being earned by a claimant in "regular employment" on the day of injury. Instead, he asserts that KRS 342.140(3) should be interpreted so as to allow the AWW of a volunteer in his position to be based on the wages earned in the previous year of paid employment. The function of this Court in reviewing a decision of the Workers' Compensation Board is "to correct the Board only where the ... Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice."

*Western Baptist Hosp. v. Kelly,* 827 S.W.2d 685, 687–88 (Ky.1992). Because Justice's appeal "is not premised on any factual dispute, our review is limited to construing the applicable statute." *AK Steel Corp. v. Childers,* 167 S.W.3d 672, 675 (Ky.App.2005). Since the interpretation to be given a statute presents a question of law, our review is de novo. Thus, "we are not required to give deference to the decision of the Board." *See Wilson v. SKW Alloys, Inc.,* 893 S.W.2d 800, 801–02 (Ky.App.1995).

After reviewing the record and the parties' briefs, we believe that the opinion of the Board correctly and adequately addresses the issues raised on appeal. In reaching this decision, we recognize that the language in *Ellis,* 160 S.W.3d at 770, setting forth the position that "under KRS 342.140(3) the income benefit of volunteer personnel who have no regular employment would be zero" is arguably dicta since the claimant in that case actually had regular paid employment at the time of injury. However, this position is nonetheless entirely consistent with the language of KRS 342.140(3).[2] Moreover, given that this position was set forth by our highest court, it necessarily carries considerable weight—dicta or no.

 "[A]ny analysis of a workers' compensation issue is necessarily an exercise in statutory interpretation." *Williams v. Eastern Coal Corp.,* 952 S.W.2d 696, 698 (Ky.1997). Accordingly, we are constrained to follow the plain language of the provisions of KRS Chapter 342 in considering workers' compensation

---

2. We also note that the Supreme Court reiterated this position in *Lowe's No. 0507 v. Greathouse,* 182 S.W.3d 524 (Ky.2006):

 Under KRS 342.140(3), the average weekly wage for calculating such an individual's benefits is "the average weekly wage in their regular employment." *The Court [in Ellis] noted that an individual who is injured while performing volunteer fire, police,* or emergency work but has no paid employment will receive no income benefit. It determined, therefore, that the purpose of KRS 342.640(3) and KRS 342.140(3) is to compensate those individuals who do have regular (*i.e.,* paid) employment for a loss of the ability to perform that work.
 *Id.* at 525–26 (emphasis added).

issues. *See Whittaker v. McClure*, 891 S.W.2d 80, 83 (Ky.1995). Thus, while we sympathize with Justice's claims of inequity and unfairness, we are compelled to follow the plain language of KRS 342.140(3) and conclude that in the absence of being engaged in "regular employment," a workers' compensation claimant has no AWW from which disability income benefits can be based. Justice's arguments to the contrary would require us to read language and meaning into KRS 342.140(3) that simply are not there. While other sections of KRS 342.140 specifically allow for "looking back" at the fifty-two weeks or twelve months preceding an injury in computing an AWW—*see* KRS 342.140(1) and (2)—KRS 342.140(3) includes no such provision. Had the General Assembly intended KRS 342.140(3) to allow for "looking back" in a similar fashion, such language surely would have been included therein.

For the foregoing reasons, the decision of the Workers' Compensation Board is affirmed.

ALL CONCUR.